IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISCILLA RUCKER** <br> **800 Southern Avenue, SE # 909** <br> **Washington, DC 20032** <br><br>     **Plaintiff,** <br><br>         v. <br><br> **ARCHITECT OF THE CAPITOL** <br> **SERVE:**    **Office of the General Counsel** <br>            **Ford House Office Building** <br>            **Room H2-265A** <br>            **2nd and D Streets, S.W.** <br>            **Washington, D.C.  20515** <br><br> **SERVE:**    **Attorney General of the U.S.** <br>            **Michael B. Mukasey, or his** <br>            **designated representative** <br>            **U.S. Department of Justice** <br>            **950 Pennsylvania Avenue, NW** <br>            **Washington, DC 20530-0001** <br><br> **SERVE:**    **United States Attorney** <br>            **Jeffrey A. Taylor, or his designated** <br>            **representative** <br>            **Judiciary Center Building** <br>            **555 Fourth Street, NW** <br>            **Washington, DC 20530** <br><br>     **Defendant.** | **Case No.: _____** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFF'S COMPLAINT</u>**
**<u>FOR DAMAGES AND EQUITABLE RELIEF</u>**

     NOW COMES, Plaintiff, Pricilla Rucker, by and through counsel, Donna Williams

Rucker and the law firm of DUBOFF & ASSOCIATES, CHARTERED and for cause of action further

states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is proper pursuant to, 29 U.S.C. 791, §201 of the Congressional Accountability Act and pursuant to 42 U.S.C. Section 2000(e) et seq., Title VII of the Civil Rights Act of 1964, as amended, and 28 U.S.C. Sections 1331, 1337, and 1343.  Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia.

2. Plaintiff Priscilla Rucker ("Rucker") timely filed a complaint with the Office of Compliance within the Architect of the Capitol alleging harassment, hostile work environment, discrimination based on reprisal.  This matter was not resolved through mediation.  Plaintiff files this civil action timely and in accordance with the authority noted in her End of Mediation Notice dated February 1, 2008.  A copy of the same is attached to this Complaint.

**PARTIES**

3. Plaintiff Rucker is a resident of the District of Columbia, and at all times relevant hereto, she was an employee of Defendant, the Architect of the Capitol ("AOTC").

4. Defendant, AOTC is an Agency under the federal government and is located in the District of Columbia.

**FACTS**

5. Plaintiff Rucker began working for Defendant, Architect of the Capitol, as a Custodial Worker on August 7, 1991.

6. Plaintiff has been involved in prior protected activity and her last EEO Complaint was concluded in 2007.

7. Subsequent to her filing, Plaintiff began experiencing retaliation and was subjected to a hostile work environment by the Defendant.

8. The Defendant's reprisal has continued from Plaintiff's first filing an EEO Complaint, and as such is in close in proximity to plaintiff's prior involvement in protected activity.

9. At all times herein mentioned Defendant was aware of Plaintiff's involvement in prior protected activity.

10. At the direction of her supervisor, Plaintiff was detailed to direct traffic outside of the Architect of the Capitol on or about the summer of 2006.

11. While directing traffic, an AOTC employee, Danny Belley, approached Plaintiff and stated that "I like the way you use your hands."

12. Danny Belley then stated to Plaintiff that he wanted to put oil on her body and massage it all over her.

13. Mr. Belley's gestures and facial expressions clearly suggested sexual overtones and Plaintiff was both shocked and disgusted by his action and comments.

14. Plaintiff, immediately after completing the traffic detail, went to the facilities manage, Rick Joyce and complained about the sexual harassment she had been subjected to by Danny Belley.

15. Rick Joyce exclaimed, Ms. Rucker "I just had that man in here." and that "he needed counseling".

16. Despite Plaintiff's complaint against Danny Belley, she continued to see Danny Belley throughout her work day at the AOTC.

17. Shortly after the incident Plaintiff, still very upset about the incident, was speaking with a co-worker who informed her that she had, prior to Plaintiff's incident, complained to management, namely Rick Joyce, about being approached in the same manner by Danny Belley.

18. Plaintiff's co-worker informed her that Mr. Belley had approached her and stated that he "wants to put his big black di-k in her..".

19. On or about July 13, 2007 Plaintiff was walking down the hallway at work when Danny Belley approached her from behind and ran his hand up her leg reaching under her skirt.

20. Plaintiff was so surprised by Mr. Belley's actions that her leg buckled and she almost fell to the ground.

21. Plaintiff turned and looked at Mr. Belley who then ran away.

22. Plaintiff went and immediately reported the sexual assault to her supervisor, Alfred Brice, to Mr. Belly's supervisor Bob Olson, to AOTC superintendents Marvin Simpson and Dennis Campbell, and to the AOTC facilities manager, Mr. Rick Joyce.

23. Although AOTC claims to have a zero tolerance for sexual harassment, no appropriate corrective action was taken against Danny Belley who continued to work around the Plaintiff.

24. Prior to Plaintiff's initial complaint about Danny Belley the AOTC was aware that Danny Belley made unwanted sexual comments to other female employees, who also complained to management.

25. Management was aware of Danny Belley's propensity for making unwanted sexual advances and comments to female employees.

26. Plaintiff has, since she filed her EEO complaints, been regularly subjected to acts of reprisal, including, receiving a memorandum of counseling, being placed on AWOL, denied timely leave requests, given undesirable work assignments and otherwise harassed.

27. Prior to filing EEO Complaints, Plaintiff's job performance was without a blemish. Since the EEO Complaints were filed, Plaintiff has been unfairly subjected to acts of reprisal, including requiring Plaintiff to turn in her leave slips in a special manner, separate from other employees, counseling statements, false complaints, and other threats concerning her job security.

## COUNT I
### (Reprisal – Harassment - Hostile Work Environment)

28. Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in the above paragraphs and further alleges as follows:

29. Defendant was aware of Plaintiff's prior protected activity.

30. Defendant's failure to take appropriate, effective action regarding Plaintiff's complaint of sexual harassment was done so in reprisal for Plaintiff's prior protected activity and to create a hostile work environment for Plaintiff.

31. The Defendant's denied Plaintiff employment opportunities and other considerations offered to other similarly situated employees who had not filed EEO Complaints.

32. Also, Defendant's actions were close in proximity to Plaintiff's engagement in protected activity.

33. Defendant's activities toward Plaintiff were intentional.

34. Plaintiff experiences a great amount of stress, pain, suffering and humiliation as a direct result of Defendant's actions and/or inactions, and she has incurred lost wages, medical

5

expenses and other costs and expenses and will continue to do so into the future.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I) Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination including front and back pay;

(II) Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00), pre and post judgment interest;

(III) Award reasonable attorney's fees and cost incurred and for this action; and

(IV) Declaratory and injunctive relief; and

(V) Award such other and further relief as this Court deems just and proper.

## COUNT II
### (Sexual Harassment – Gender Discrimination)

35. Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in the above paragraphs and further alleges as follows:

36. Plaintiff was subjected to sexual harassment in the work place.

37. Plaintiff was subjected to the sexual harassment because of her sex.

38. The sexual harassment Plaintiff was subjected to prevented Plaintiff from enjoying the privileges of employment because of the hostile work environment he created.

39. The comments and physical touching of a sexual nature of Plaintiff by Mr. Belley was unwelcome.

40. Plaintiff was subjected to Danny Belley's comments and physical advances based upon her gender and the harassment affected the terms, conditions and privileges of her employment.

41.  Management knew of at least one prior incident in which Mr. Belly had stated to a female co-work something to the effect of "I want to put my big black di-k in you".

42.  Mr. Belley had not been terminated or disciplined for his comments to Plaintiff's co-worker.

43.  Plaintiff complained to her supervisor and other management officials about Danny Belley's actions and comment.  Defendant failed to investigate and/or take proper action to effectively correct the matter of which Plaintiff complained.

44.  Plaintiff would have to detour her routes at work when she say Mr. Belley.

45.  Under the doctrine of *Respondeat Superior*, defendant AOTC is liable for the negligent acts or omission of its employees committed during the course of and in the scope of their employment with defendant AOTC.

46.  The actions and/or inactions of Danny Belley and Defendant AOTC were intentional mean spirited, malicious, and sexist and created an unreasonably contaminated work environment which was intimidating, offensive, and hostile.

47.  Plaintiff immediately complained to AOTC management officials, and she also complained to AOTC Equal Employment Office about the sexual harassment she was experiencing from an AOTC employee.

48.  Despite her complaints, AOTC took no action to properly investigate and/or rectify or address the treatment Plaintiff was receiving from Mr. Belley.

49.  Plaintiff was clearly embarrassed and humiliated by Mr. Belley's comments and his actions of running his hand up her leg and under her skirt.  Such behavior was pervasive and offensive and created a hostile work environment.

50. Defendant AOTC has failed and or refused to take effective disciplinary action against Mr. Danny Belley.

51. Defendant AOTC failed to properly train and supervise its supervisors, in the course of their work duties and the treatment of subordinate employees, namely Plaintiff.

52. AOTC is responsible for Danny Belley's actions under the doctrine of *Respondeat Superior* and AOTC has failed to address a pattern and practice of sexual harassment and sex discrimination in the work place.

53. Plaintiff was treated differently based upon her sex and subjected to different terms and conditions of employment. She was made to work in a contaminated and hostile environment and this affected Plaintiff's ability to enjoy her work and work in an environment in which her co-workers were permitted to work.

54. Plaintiff, based upon her sex, was subjected to intimidating and derogatory environment within the AOTC that was offensive based on the comments and gestures made by Mr. Belley and by the physical touching and running of a hand under her skirt. and was pervasive, and these actions violated the AOTC's zero tolerance for sexual harassment in the work place.

55. Plaintiff experienced mental anguish; she was embarrassed, humiliated and subjected to different terms and conditions of employment based upon her sex. Plaintiff also lost income.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I) Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination, including front and back pay;

(II)　Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00) including pre and post judgment interest;

(III)　Award reasonable attorney's fees and cost incurred and for this action; and

(IV)　Declaratory and injunctive relief; and

(V)　Award such other and further relief as this Court deems just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

56.　Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in the above paragraphs and further alleges as follows:

57.　Mr. Danny Belley's actions of sexual comments and action in running his hand up Plaintiff leg and reaching under her skirt was extreme and outrageous conduct.

58.　AOTC was aware that Mr. Belley had a prior history of making unwanted sexual comments to female co-workers.

59.　AOTC's actions in failing to address Plaintiff complaints of unwanted sexual comments and unwanted sexual touching was extreme and outrageous conduct.

60.　Plaintiff was made to suffer severe emotional distress and embarrassment as a direct result of Mr. Danny Belley's actions.

61.　Plaintiff was made to suffer severe emotional distress and embarrassment as a direct result of AOTC's actions, by and through its employees, supervisors, and agents.

62.　Over the weekend that followed Plaintiff was so distressed, she was unable to sleep, she cried and she reached out to a close friend about the matter.

63.     Under the doctrine of *Respondeat Superior*, defendant AOTC is liable for the negligent acts or omission of its employees, including Mr. Belley and the supervisory personnel, committed during the course of and in the scope of their employment with defendant AOTC.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I)     Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination including front and back pay;

(II)    Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00) including pre and post judgment interest;

(III)   Award reasonable attorney's fees and cost incurred and for this action; and

(IV)    Declaratory and injunctive relief; and

(V)     Award such other and further relief as this Court deems just and proper.

## COUNT IV
### (Negligence)

64.     Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in the above paragraphs and further alleges as follows:

65.     Defendant owed Plaintiff a duty to assure that her civil rights were not violated and/or that she was not subjected to discrimination, harassment and sexual harassment in the work place, and to assure that all complaints of discrimination were properly and promptly investigated and all action taken to immediately eliminate discrimination and harassment in the work place.

66.     Defendant AOTC owed Plaintiff a duty to assure that AOTC polices and procedures regarding sexual harassment in the work place were not violated.

67. Defendant AOTC owed Plaintiff a duty to assure that all allegations regarding sexual discrimination and discrimination in the workplace was properly processed, investigated and addressed as required by the policies and procedures then in place.

68. Defendant AOTC owed Plaintiff a duty to assure that Plaintiff was not made to work in a hostile work environment.

69. Defendant AOTC were negligent and breached the above enumerated duties owed to the Plaintiff, said breach includes but is not limited to, failure to assure: that plaintiff was not subjected to sexual harassment and discrimination in the workplace, and that any complaints made by Plaintiff were properly and promptly investigated at every stage, and to ensure that Plaintiff was not subjected to a hostile work environment.

70. As a direct result of the negligence of Defendant AOTC, Plaintiff sustained severe and permanent injury, including pain, suffering, and mental anguish now and will continue to experience the same into the future, with no actions of Plaintiff contributing thereto.  Plaintiff has also incurred lost wages, medical expenses and other costs and expenses.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I) Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination, including front and back pay;

(II) Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00), including pre and post judgment interest;

(III) Award reasonable attorney's fees and cost incurred and for this action; and

(IV) Declaratory and injunctive relief; and

(V)   Award such other and further relief as this Court deems just and proper.

## COUNT V
### (Negligent Supervision)

71.   Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in the above paragraphs and further alleges as follows:

72.   Defendant, by and through its agents, servants, and employees, knew, or should have known, that the supervisors would likely confront and/or be in contact with those individuals in the employ of the Defendant, to wit the Plaintiff.

73.   Defendant, by and through its agents, servants, and employees, negligent failure to adequately supervise or discipline or in any other way control Mr. Belley and the supervisors at issue herein, in the exercise of the functions of their employment, is evidence of a reckless lack of cautious regard for the rights of other employees of the defendant, including those of the Plaintiff, and exhibits a lack of that degree of due care which prudent and reasonable individuals would demonstrate in the execution of their office.

74.   Defendant, by and through its agents, servants and employees, failure to adequately supervise, discipline or in any other way control Mr. Belley and the supervisors at issue herein, was and is, carried out with such disregard of the consequences as to display a conscious indifference to the danger of harm and injury, and the intention to inflict harm and injury to other employees, to wit the Plaintiff.

75.   At all time relevant hereto the supervisors at issue herein, were employees, agents, and/or servants of the Defendant and were acting within the course and scope of their employment, and under the supervision of the Defendant AOTC.

76.   The supervisory officials of the Defendant have a duty to the employees of the

Defendant in general, and specifically to Plaintiff, to ensure that its employees operate within the bounds of the laws of the District of Columbia, the rules and regulations of the Defendant and the Constitution of the United States. In not doing so they foster an atmosphere in which the belief is generated among its employees and supervisors that the above described actions are condoned and accepted as part of their normal duties, and they will not be held accountable for their unlawful actions.

77. Defendant is directly liable and responsible for the acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

78. It was the duty of the Defendant to supervise the actions of those below them in the chain of command and to ensure that its employees exercised due care with their interaction with other employees, specifically Plaintiff, and to act so as not to violate her constitutional rights. This was clearly breached by the Defendant.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I) Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination including front and back pay;

(II) Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00), including pre and post judgment interest;

(III) Award reasonable attorney's fees and cost incurred and for this action; and

(IV) Declaratory and injunctive relief; and

(V) Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues herein.

                                      Respectfully submitted,

By:     /s/ *Donna Williams Rucker*
           Donna Williams Rucker, Esquire #446713
           DUBOFF & ASSOCIATES, CHARTERED
           8401 Colesville Road, Ste. 501
           Silver Spring, Maryland 20910
           (301) 495-3131    Office
           (301) 587-1872    Facsimile



*advancing safety, health, and workplace rights in the legislative branch*

# Office of Compliance

Office of the Executive Director

February 1, 2008

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Donna Williams Rucker, Esq.
DuBoff & Associates, Chtd.
Metro Plaza One
8401 Colesville Road, Suite 501
Silver Spring, MD 20910

**END OF MEDIATION NOTICE**
Re: Priscilla Rucker, Employee
and
Office of the Architect of the Capitol, Employing Office
**Case No. 07-AC-50 (CV)**

Dear Ms. Rucker:

    This is to notify you that the mediation period has ended in the above matter without a resolution of your client's claims. The counseling period began on **August 28, 2007,** and ended on **September 27, 2007.** The mediation period began on **October 2, 2007** and ended on **December 17, 2007.**

    Your request for mediation was based upon your client's allegation(s) that the employing office violated section(s) 201 of the Congressional Accountability Act ("CAA").

    If your client wishes to proceed further with this matter, your client must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice. During that 60-day time frame your client may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the District of Columbia. <u>You may assert only those claims that your client made during counseling and mediation.</u>

    If your client chooses to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by your client or his/her designated representative and contain the following information:

    (a)    the complainant's name, mailing address, and telephone number;

    (b)    the involved employing office's name, address, and telephone number;

    (c)    the name(s) and title(s) of the individual(s) involved in the conduct that your client claims violated the CAA;

Room LA 200, Adams Building • 110 Second Street, SE • Washington, DC 20540-1999 • t/202.724.9250 • f/202.426.1913 • tdd/202.426.1912

*www.compliance.gov*

 (d) a description of the conduct that your client challenges, including the date(s) and location(s) of the conduct;

 (e) a brief description of why your client believes the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

 (f) a statement of the relief or remedy sought ;

 (g) the name, address, and telephone number of the representative, if any, who will act on your client's behalf.

  If your client chooses to file a formal complaint with this Office, we will serve a copy of your client's complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

  If your client files a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

  If your client chooses to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your client's responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

  We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If you have not already done so, please complete the survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

  If you have any questions or need any assistance, please contact this Office.

               Sincerely,

               Teresa M. James
               Director of Dispute Resolution

Enclosures: Facsimile Notice
      Complaint Form
      Participant Survey Form

cc: Employee (with Participant Survey Form) - **Courtesy Copy Only**
  Kevin Mulshine, Esq., Employing office (with Participant Survey Form)
  Joshua Javits

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/ Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*      OR      F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |
| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multi district Litigation
- 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   **JURY DEMAND:**   Check YES only if demanded in complaint   **YES**   **NO**

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   **YES**   **NO**   If yes, please complete related case form.

**DATE**   **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

- **I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

- **III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

- **IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

- **VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

- **VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.