UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISCILLA RUCKER** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**ARCHITECT OF THE CAPITOL,** )<br>)<br>)<br>)<br>)<br>)<br>**Defendant.** ) | Civil Action No.: 08-0767 (EGS) |

### DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

Defendant Architect of the Capitol respectfully moves to dismiss Courts III, IV, and V of the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-6078

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISCILLA RUCKER** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No.: 08-0767 (EGS) |
| ) | |
| **ARCHITECT OF THE CAPITOL,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I. **Background**

Plaintiff's complaint alleges reprisal, sexual harassment, negligent infliction of emotional distress; intentional negligence, and negligent supervision against Defendant Architect of the Capitol (AOC). Plaintiff claims that she was sexually harassed by another AOC employee and that Defendant is responsible for the alleged harassment. Defendant moves to dismiss the negligent infliction of emotional distress; intentional negligence, and negligent supervision claims because this Court lacks subject matter jurisdiction of those claims and that Plaintiff fails to state claims upon which relief can be granted.

II. **Standard of Review**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree. . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the

contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). To meet that jurisdictional burden, a plaintiff must establish "by a preponderance of the evidence that the court possesses [subject matter] jurisdiction." Malewicz v. City of Amsterdam, 362 F.Supp.2d 298, 305 (D.D.C. 2005). A court resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is not limited to the allegations set forth in the complaint. Id. Rather, a court may also consider relevant material outside of the pleadings. Id.

In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Sullivan-Obst v. Powell, Sec'y, Dep't of State, 300 F.Supp.2d 85, 91 (D.D.C. 2004). However, while Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere conclusory assertion of entitlement to relief is not sufficient. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must appear plausible on its face and raise a reasonable expectation that discovery will produce supporting evidence. Id. at 1965.

**III.    Title VII is the exclusive remedy for Employment Discrimination claims**

The Congressional Accountability Act extends the rights under Title VII to employees in the legislative branch. See Blackmon-Mallory v. U.S. Capitol Police Board, 338 F. Supp. 2d 97, 100 (D.D.C. 2004). And, the exclusive remedy for employment discrimination claims rest in Title VII. In Brown v. General Services Administration, 425 U.S. 820, 829-832 (1976), the Supreme Court held that Title VII provides the exclusive, pre-emptive remedy for a federal employee seeking to redress employment discrimination. See also Perez v. Federal Bureau of Investigation, 71 F.3d 513

(5th Cir.1995). Courts have extended the Brown reasoning "to reject litigants' efforts to initiate discrimination claims against the federal government under the Constitution or statutes other than Title VII." Brug v. National Coalition for the Homeless, 45 F. Supp.2d 33, 42 (D.D.C. 1999); Richards v. Merit Systems Protection Board, 739 F. Supp. 657, 659 (D.D.C. 1990) (the district court rejected Plaintiff's constitutional claim since it raised the same discriminatory conduct as Plaintiff's Title VII claim and Title VII was the exclusive remedy for the alleged conduct). See Kiza v. Webster, 707 F.2d 524, 542 (D.C. Cir. 1983). Here, the negligent infliction of emotional distress, intentional negligence, and negligent supervision claims are rooted in her employment discrimination claims, the alleged sexual harassment by an AOC employee. Because the exclusive remedy of employment discrimination is Title VII, and not tort, Counts 3, 4, and 5 must be dismissed.

Finally, a person suing the United States in tort can only do so under the Federal Tort Claim Act (FTCA). See United States v. Smith, 499 U.S. 160, 166-67 (1991). A condition to a waiver of sovereign immunity under the FTCA is the timely presentation of a claim to the appropriate federal agency. See United States v. Kubrick, 444 U.S. 111, 117 (1979). In relevant part, the FTCA states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). See also 28 U.S.C. § 2675(a); Hall v. Admin. Office of the United States Courts, et al., 496 F. Supp.2d 203, 206 (D.D.C. 2007). Absent full compliance with the conditions placed upon waiver of that immunity the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). In this instant, Plaintiff has not submitted any administrative claims with the appropriate federal agency, that is, the Office of the Architect, for emotional distress, intentional negligence, and negligent

supervision. As a result, Plaintiff can not proceed against the Defendant.[1] Accordingly, Plaintiff's claims must be dismissed. .

**IV.** **Conclusion**

For the above stated reasons, this Court should dismiss Count III, IV, and V of the Complaint with prejudice .

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-6078

---

[1] Moreover, the Architect of the Capitol is not the appropriate Defendant in a common law tort case. The United States is the only proper defendant in tort suits brought against it, not particular federal agencies or their heads. Hall v. Administrative Office of the United States Courts, et. al., 496 F. Supp. 2d 203 (D.D.C. 2007) (citing Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction.)

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISCILLA RUCKER**          )<br>                               )<br>                               )<br>                               )<br>         **Plaintiff,**        )<br>     v.                        )   Civil Action No.: 08-0767 (EGS)<br>                               )<br>**ARCHITECT OF THE CAPITOL,**  )<br>                               )<br>                               )<br>                               )<br>                               )<br>                               )<br>         **Defendant.**        )| |

## ORDER

Upon consideration of Defendant's Motion for Partial Dismissal of the Complaint, the supporting memorandum of points and authorities, Plaintiff's Opposition thereto, Defendant's Reply, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED, that for the reasons stated in Defendant's memorandum of points and authorities and Reply, Defendant's motion be, and hereby is, GRANTED, and it is further,

ORDERED, that Count III, IV and V of the Complaint are DISMISSED, with prejudice against the Defendant.

So ordered, this _____ day of _____ 2008.

_____
United States District Judge